IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

JAMES O. MOLEN,

    Defendant.

2:12-cr-00252-GEB

**TENTATIVE RULING** DENYING DEFENDANT'S MOTION TO DISMISS

Defendant moves for dismissal of counts one and two of the Indictment, in which he is charged with "fil[ing] and attempt[ing] to file in a public record a false lien and encumbrance" against two Internal Revenue Service Officers in violation of 18 U.S.C. § 1521. (Def.'s Mot. 1:18-2:24, ECF No. 33.) Defendant argues § 1521 violates the First Amendment of the United States Constitution by "criminaliz[ing] false, written speech that criticizes a government official on account of the performance of that official's duties." (Id. at 4:12-18.)

The government rejoins, *inter alia*, that "recording a security interest is a commercial act outside the First Amendment's protection for expression[, and] . . . even if recording a lien were some kind of expression, the First Amendment does not prevent Congress from prohibiting such false commercial speech." (Gov't Opp'n 1:18-21, ECF No. 36.) The government further argues that Defendant "has made no attempt

to show how this regulation is unconstitutional as applied to [his] conduct[, and] . . . [t]he law prohibits him from making a facial claim against an economic conduct regulation." (Id. at 2:28-3:2.)

"The First Amendment . . . prohibits laws 'abridging the freedom of speech.'" Anderson v. City of Hermosa Beach, 621 F.3d 1051, 1058 (9th Cir. 2010) (quoting U.S. Const. amend. I). "The First Amendment clearly includes pure speech, but not everything that communicates an idea counts as 'speech' for First Amendment purposes." Id.

> [C]onduct intending to express an idea is constitutionally protected only if it is "sufficiently imbued with elements of communication to fall within the scope of the First . . . Amendment[]," which means that "[a]n intent to convey a particular message [is] present, and . . . the likelihood [is] great that the message w[ill] be understood by those who view [] it.

Id. (quoting Spence v. Wash., 418 U.S. 409-11 (1974)). "[I]t has never been deemed an abridgement of freedom of speech . . . to make a course of conduct illegal merely because the conduct was in part initiated, evidenced, or carried out by means of language, either spoken, written, or printed." Ohralik v. Ohio State Bar Ass'n, 436 U.S. 447, 456 (1978) (quoting Giboney v. Empire Storage & Ice Co., 336 U.S. 490, 502 (1949)).

> Numerous examples could be cited of communications that are regulated without offending the First Amendment, such as the exchange of information about securities, corporate proxy statements, the exchange of price and production information among competitors, and employers' threats of retaliation for the labor activities of employees. Each of these examples illustrates that the [government] does not lose its power to regulate commercial activity . . . whenever speech is a component of that activity.

Id. (internal citations omitted).

Further, the Supreme Court has entertained facial First Amendment challenges only against statutes that, "by [their] terms[,]

2

seek[] to regulate spoken words or patently expressive or communicative conduct, such as picketing or handbilling, or if the statute significantly restricts opportunities for expression." S. Or. Barter Fair & Jackson Cnty., 372 F.3d 1128, 1135 (9th Cir. 2004) (internal citations omitted). "[A] facial freedom of speech attack must fail unless, at a minimum, the challenged statute 'is directed narrowly and specifically at expression or conduct commonly associated with expression.'" Roulette v. City of Seattle, 97 F.3d 300, 305 (9th Cir. 1996) (quoting City of Lakewood v. Plain Dealer Pub. Co., 486 U.S. 750, 760 (1988)).

18 U.S.C. § 1521 proscribes, in relevant part, the filing and attempted filing in any public record of "any false lien or encumbrance against the real or personal property of [certain federal officials] on account of" such person's "official duties" when the filer "knows or has reason to know that such lien or encumbrance is false or contains any materially false, fictitious, or fraudulent statement or representation . . . ."

> The words "lien" and "encumbrance," though encompassing a wide variety of commercial and financial devices, have a universally accepted meaning in this country. A lien is a property right, usually a legal right or interest that a creditor has in a debtor's property, whether perfected or merely claimed. Likewise, an encumbrance is a claim or liability that attaches to property, usually though not always real property. **The act of filing . . . is a method, often the exclusive method, of perfecting a lien claim against the rights of those who assert competing claims against the property.** This confirms that Congress limited the prohibition in § 1521 to financial harassment—filings that harass by claiming rights to the property of public officials—not to all types of false public filings that might harass public agencies or officials in other ways.

United States v. Reed, 668 F.3d 978, 982-83 (8th Cir. 2012) (emphasis added) (internal citations omitted).

Defendant has not shown that § 1521, which "is triggered by the filing of false or fictitious lien," concerns expression or conduct commonly associated with expression. Id. at 985-86; see also Clark v. Cmty. for Creative Non-Violence, 468 U.S. 288, 293 n.5 (1984) ("Although it is common to place the burden upon the Government to justify impingements on First Amendment interests, it is the obligation of the person desiring to engage in assertedly expressive conduct to demonstrate that the First Amendment even applies.") Therefore, Defendant's facial First Amendment challenge fails.

For the stated reasons, Defendant's motion to dismiss counts one and two of the Indictment is denied.

Dated: February 14, 2013

GARLAND E. BURRELL, JR.
Senior United States District Judge